Barnard, P. J.
The only question of fact in the case was found by the jury adverse to the defendant. The original agreement was for a privilege to sell crops and fruits in the chowder house on the dock. The place was changed so as to be on the dock outside of the chowder house.
After a short time the defendant told the plaintiff that he must leave the dock entirely as the company objected, “ and he would rather lose me, and if I didn’t get off he would have me arrested and taken off.” The plaintiff did not go and he “ was arrested and taken off and taken to Long Island City jail.”
It seems very hard to apply the criminal law to this state of facts, but the-plaintiff only seeks to recover damages, for the forcible removal from the dock and privilege. The value of the privilege is proven to have been $1,000, and the jury gave $500. There was no exception taken to the proof that the plaintiff had been arrested and taken off the dock. It was a fact tending to show the truth of the complaint in respect to the forcible removal and therefore admitted. The damages for the assault and those from the violated agreement grow out of the same transaction and one complaint could properly embrace them.
The judgment should be affirmed, with costs.
Pratt, J., concurs.
Pratt, J.
There was evidence which justified the jury in determining all questions of fact in favor of plaintiff. There can be little doubt that defendants-leased fo him the privilege of a stand on the dock.
The jury might well find that defendants caused his arrest from the purpose of depriving him of the privileges they had agreed he should have. The jury were cautioned not to give too much weight to the evidence of plaintiff, in reference to the damages sustained by him.
The verdict cannot be considered as excessive, and we find no errors of law.
Judgment affirmed, with costs.